See also, N.D., 211 N.W.2d 377.

Charles **W. SCHOLLMEYER** and Angaletta D. Schollmeyer, Plaintiffs/Appellants,

v.

Edward **ENGELHARDT** et al., Defendants,

The Liberty National Bank and Trust Company, Defendant/Appellee.

Civ. No. 8896.

Supreme Court of North Dakota.

Oct. 1, 1973.

Freed, Dynes & Malloy, Dickinson, for plaintiffs/appellants.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for defendant/appellee.

TEIGEN, Judge.

The plaintiffs, Charles W. Schollmeyer and Angaletta D. Schollmeyer (hereinafter

Schollmeyers), have appealed from a judgment based on a jury verdict dismissing their complaint against The Liberty National Bank and Trust Company (hereinafter Bank), one of the defendants in the above-captioned case, and from the order denying their motion for judgment notwithstanding the verdict or in the alternative for a new trial.

The Schollmeyers are seeking to recover $5,000 which they paid for a subordinate debenture issued by State Acceptance Corporation. State Acceptance Corporation went into receivership in December 1966 and later was declared bankrupt. The action was instituted against seventeen defendants, consisting of State Acceptance Corporation, its bonding company, six of its directors, some of its officers, certain of its employees, and the Bank. Before trial some of the defendants made settlements, some were dismissed, some confessed judgment, and when the trial commenced there were but two defendants contesting the action. These were Gilbert Saxowsky, the former president of State Acceptance Corporation, and the Bank. The jury found against Saxowsky but in favor of the Bank. Both have appealed by separate appeals but we are concerned here only with the appeal of the Bank.

The Schollmeyers' claim is based on Section 10–04–17, N.D.C.C., which provides in part:

"Every sale or contract for sale made in violation of any of the provisions of this chapter, or of any order issued by the commissioner under any provisions of this chapter, shall be voidable at the election of the purchaser. The person making such sale or contract for sale, and every director, officer, salesman, or agent of or for such seller who shall have participated or aided in any way in making such sale, shall be jointly and severally liable to such purchaser in any action at law in any court of competent jurisdiction upon tender to the seller, in person or in open court, of the securities

sold or of the contracts made for the full amount paid by such purchaser, together with all taxable court costs and reasonable attorney's fees in any action or tender under this section. Provided:

"1. * * *

"2. * * *

"3. * * *"

(The limitations and exceptions contained in subsections 1, 2 and 3 are not applicable here.)

The only issue argued by the Schollmeyers on this appeal is the correctness of a portion of the trial court's instructions to the jury. There is no dispute on the claim that the sale was made in violation of the provisions of the Securities Act and was voidable at the election of the Schollmeyers. The sole issue is whether the Bank "participated or aided in any way in making such sale."

The challenged instruction given by the court reads as follows:

"The fact that the Defendant Liberty National Bank and Trust Company acted as trustee of the debenture issue and as such became the depository of the funds paid by the Plaintiffs and mailed out the debenture to them, does not amount to participation or aid in the making of the sale to the Plaintiffs, within the meaning of the North Dakota Securities Act, *unless you also find by a preponderance of the evidence that they had at that time knowledge of security violations by State Acceptance Corporation or their salesmen.*" [Emphasis added.]

The Schollmeyers argue that this instruction, because it requires a finding of knowledge, does not comport with Section 10–04–17, N.D.C.C., and is contrary to what this court said in Weidner v. Engelhart, 176 N.W.2d 509 (N.D.1970). *Weidner* also involved State Acceptance Corporation and governed Mittelstadt v. Engelhart, 176 N.W.2d 521 (N.D.1970), in which the Schollmeyers were also plaintiffs. In

those cases we set aside summary judgments dismissing the actions against six directors of State Acceptance Corporation.

In *Weidner*, and the companion appeals, some of the directors of State Acceptance Corporation sought dismissal of the actions against them, brought under Section 10–04–17, N.D.C.C., on the claims that they had no knowledge of securities violations by State Acceptance Corporation or its personnel, and did not aid or participate in any way in making the sales in issue. We found that the proof required to sustain the claims of the plaintiffs must largely be drawn from the directors themselves, all of whom were hostile to the claims of the plaintiffs, and that therefore the plaintiffs would, in the trial of the action, be required to rely principally on cross-examination to establish their claims against the directors. We held that their affidavits, filed in summary judgment proceedings, should not be accepted as conclusive on the question of knowledge and thus preclude trial on that issue. In *Weidner*, 176 N.W. 2d 519, we said:

"We believe that it is possible, on a trial of the action, that evidence may be produced from which the jury may infer knowledge on the part of the directors, or some of them, of the securities violations alleged, and that they, or some of them, in some way participated or aided in making some, or all, of the sales. The statute does not require that the participation or aid in making an illegal sale be by personal contact with the buyer but is sufficient if, *in any way*, the director's participation or aid made the sale possible. Thus, to preclude trial of these issues by the granting of summary judgments of dismissal based on the affidavits of the directors which relate to matters peculiarly within their own knowledge and control, without the benefit of cross-examination and observation of their demeanor as they testify, prevents an evaluation of credibility by the trier of the facts."

The record in the case at bar establishes that at the time the Bank and State Acceptance Corporation entered into the trust indenture the debenture issue, from which the sale in question was made, was registered with the securities commissioner and State Acceptance Corporation was a registered dealer. It also appears that State Acceptance Corporation had three licensed securities salesmen. In other words, at the time the trust indenture was entered into the Securities Act was being complied with. However, subsequent thereto, the securities commissioner cancelled the license of State Acceptance Corporation as a securities dealer, which automatically revoked the registration of the debenture issue. The Bank contends that it was not advised of this action and had no knowledge thereof. A short time later Engelhardt was instructed to resume selling debentures even though State Acceptance Corporation was no longer registered. It was during this time that the sale was made to the Schollmeyers. Further, it appears that Engelhardt, who was an employee of State Acceptance Corporation and who sold the debenture to the Schollmeyers, was not registered as a salesman of securities.

There is no claim that the Bank violated the Securities Act. The claim against the Bank is based on the contention that, as trustee and registrar of the debentures, it was an agent of State Acceptance Corporation and, as agent, it had participated or aided in the sale to the Schollmeyers by accepting the money for the purchase of the debenture, registering the debenture, certifying it, and forwarding it to the Schollmeyers. It is the contention of the Bank that it had no knowledge of violations of the Securities Act by its principal, State Acceptance Corporation; that its acts were purely ministerial and not a participation or aid in the making of the sale; that, therefore, it should not be held to have "participated or aided in any way" in making the sale within the meaning of Section 10–04–17, N.D.C.C. Therefore it

argues that the instruction given by the court was proper.

In view of the record and our decision in *Weidner* we find that the instruction was proper. For this reason the judgment and the order denying the Schollmeyers' motion for judgment notwithstanding the verdict or in the alternative for a new trial are affirmed.

ERICKSTAD, C. J., and PAULSON, KNUDSON and VOGEL, JJ., concur.

VOGEL, J., not being a member of the Court at the time of submission of this case, participated on the briefs filed.